UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTINA COVERT,

                Plaintiff,

    v.                                 Civil Action No.

COMENITY BANK,

                Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C.§ 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business in the Western District of New York and the conduct complained of occurred in the Western District of New York

### III. PARTIES

4. Plaintiff, Christina Covert, is a natural person residing in County of Niagara and State of New York.

5. Defendant, Comenity Bank. ("Comenity") is bank organized and existing under the laws of the State of Utah.

6. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated, routed, and/or terminated telecommunications.

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to contact consumers.

9. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

10. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

12. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(2).

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

15. Upon information and belief, Plaintiff, incurred credit card debt to Comenity for Bon Ton accounts. This account will be referred to as "the subject debt" in this complaint.

16. Upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

17. In or about June 2018, Defendant began calling Plaintiff on her cellular telephone multiple times per day, per week regarding the alleged outstanding subject debt.

18. In or about June 2018, Plaintiff spoke Defendant and instructed them to stop calling her and that she found the calls to be harassing.

19. That despite the above instruction to not call her on her cellular telephone, Defendant continued to call the Plaintiff on her cellular telephone.

20. Many if not all of the above-mentioned telephone calls were made using an automatic dialing system as defined by the TCPA and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

21. Many of the prerecorded messages from the Defendant to the Plaintiff regarding the Bon Ton account states as follows: this is Comenity Bank calling about a change in the status about your Bon Ton account. We have been trying to reach you, it's important that we speak with you immediately. Please have Christina Culvert call us at 855-957-3119, again that number is 855-957-3119, thank you from Comenity Bank.

22. Despite Plaintiff's request that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to deliberately call Plaintiff on her cellular telephone using an automatic dialing system as defined by the TCPA.

23. That the calls made by the Defendant rendered Plaintiff's telephone unavailable to receive incoming calls or to otherwise use during the unwanted calls.

24. That Plaintiff was annoyed and upset over the continued calls to her cellular telephone.


## V. COUNT ONE
(Telephone Consumer Protection Act of 1991
and 47 C.F.R. 64.1200, et seq.)

25. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

26. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.64.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having consent of Plaintiff to make such calls and leave such messages.

27. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable

telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

29. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

30. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs.

31. Plaintiff received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B),

32. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages  pursuant to the TCPA, 47 U.S.C.§227(b)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B).

(c) Treble damages pursuant to 47 U.S.C. §227(b)(3);

(d) For such other and further relief as may be just and proper.

Dated: April 9, 2019

Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288 phone
(716) 332-1884 fax
Email: sandrews@kennethhiller.com
         khiller@kennethhiller.com